UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VELOCITY INVESTMENTS LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:26-CV-1930-X |
| DAVID LOHOEFER, | § § | |
| *Defendant.* | § § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant David Lohoefer's (Lohoefer) Notice of Removal. (Doc. 2). Because the Court lacks jurisdiction over this matter, the Court **REMANDS** this case to Texas state court.

This case was originally filed in Justice of the Peace Court, Precinct 5, Place 1, Dallas County. Velocity Investments LLC's (Velocity) original petition seeks $8,722.56 plus interest on alleged consumer debt. Lohoefer filed his Second Amended Answer on June 4, 2026, asserting several counterclaims, including multiple federal statutory causes of action and as well as damages in excess of $75,000. He subsequently filed his Notice of Removal.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial

decree."[1]   "Without jurisdiction the court cannot proceed at all in any cause."[2] Accordingly, the Court must confirm its jurisdiction, even *sua sponte*. [3]

Two primary means of federal jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and federal diversity jurisdiction under 28 U.S.C. § 1332. Lohoefer seeks to establish federal jurisdiction under both.[4]  The Court takes each in turn.

28 U.S.C. § 1331 grants federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "[F]or both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed . . . It is insufficient that a federal question has been raised as a matter of defense or a counterclaim."[5]  Velocity asserts no federal claims in its original complaint.  The only federal claims are Lohoefer's counterclaims.  And they cannot support the Court's jurisdiction.[6]

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (cleaned up).

[2] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up).

[3] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *see also Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that [the Court] must consider the basis of [its] own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[4] Doc. 2 at 2–3.

[5] *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998).

[6] *Id.*

Nor can Lohoefer establish federal jurisdiction under 28 U.S.C. § 1332. To establish jurisdiction under Section 1332, there must be 1) total diversity between the parties and 2) the amount in controversy must exceed $75,000.

The Fifth Circuit has held that the relevant jurisdictional facts in removal practice are those at the time the complaint is filed.[7] Subsequent events do not influence jurisdiction.[8] And district courts in the Fifth Circuit have concluded that a counterclaim is a subsequent event that should not be considered when the court evaluates the amount in controversy.[9] So the Court does not consider Lohoefer's claimed damages.

Velocity's original petition seeks $8,722.57 in damages. While judges and lawyers aren't great at math, the able assistance of Count von Count from Sesame Street helped that court confirm that $8,722.57 is indeed less than $75,000.

Accordingly, the Court concludes that it lacks jurisdiction over this matter and, in the words of the Beatles, orders this case back to where it once belonged.

**IT IS SO ORDERED** this 17th day of June, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998).

[8] *Id.*

[9] *See Moseley & Standerfer, P.C. v. Han*, 1999 WL 305107, at *1 (N.D. Tex. May 11, 1999) (Lindsay, J.). *See also Thrash v. New England Mut. Life Ins. Co.*, 534 F. Supp. 2d 691, 697 (S.D. Miss. 2008); *Royal Cosmopolitan, LLC v. Star Real Estate Grp., LLC*, 629 F.Supp. 2d 594, 600 (E.D. La. 2008); *Weaver v. Zurich Am. Ins. Co.*, 2010 WL 3910053, at *3 (S.D. Tex. Oct. 1, 2010); *Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F. Supp. 613, 614–15 (S.D. Tex. 1995).